NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERASMO DURAN-SERRANO, | No. 21-990 |
| Petitioner, | Agency No. A213-079-190 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Erasmo Duran-Serrano, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal of an immigration

judge's (IJ) decision denying his claims for cancellation of removal, asylum,

withholding of removal, and Convention Against Torture (CAT) protection. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the IJ and BIA's factual findings and "primarily factual mixed question[s]" "for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Cancellation of removal. Substantial evidence supports the agency's denial of cancellation of removal because Duran-Serrano's removal would not "result in exceptional and extremely unusual hardship" to his qualifying U.S.-citizen family members. 8 U.S.C. § 1229b(b)(1)(D). The largely financial and social harms alleged by Duran-Serrano are not "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (internal quotation marks omitted).

2. Asylum. Substantial evidence also supports the agency's finding that Duran-Serrano did not establish a nexus between his membership in a particular social group and his alleged persecution. 8 U.S.C. § 1158(b)(1)(B)(i). "To meet this nexus requirement, an applicant must show that the protected ground was at least one central reason the applicant" was or would be persecuted. *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (internal quotation marks omitted).

Duran-Serrano's allegations about persecution against members of his family lack a common thread or motivation outside of isolated incidents of random crime. Criminal activity does not merit asylum protection when no motivating nexus to the

particular social group is established. *Zetino v. Holder*, 622 F.3d 1007, 1010, 1015–16 (9th Cir. 2010).

3. <u>CAT.</u> The BIA correctly held that Duran-Serrano did not prove his claim for protection under the Convention Against Torture. To receive CAT protection, "an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)).

Duran-Serrano does not claim he was ever targeted for or suffered any torture before coming to the United States. Rather, he bases his argument on the current country conditions in Mexico that are alone insufficient for CAT protection. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico . . . is insufficient to meet [the more likely than not] standard.").

He also alleges that the incidents involving his family members indicate a likelihood that he himself will be targeted for violence or criminality. But again, isolated and sporadic incidents with no throughline do not satisfy the high bar of it being more likely than not that Duran-Serrano will be tortured if returned to Mexico. *Plancarte Sauceda*, 23 F.4th at 834.

4. <u>Motion to suppress.</u> Duran-Serrano's motion to suppress Form I-213 describing his arrest and alienage was properly denied as untimely, moot, and insufficient on the merits.

Subject to good-cause exceptions, immigration judges can set and enforce filing deadlines. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 763 (9th Cir. 2023). Duran-Serrano's motion to suppress was filed three weeks after the appropriate deadline set by the IJ and is therefore untimely. Further, Duran-Serrano introduced the contested evidence himself. His motion to suppress was thus mooted by his own action.

In any event, his claim fails on the merits. The exclusionary rule only applies in immigration proceedings "when the agency violates a regulation promulgated for the benefit of petitioners and that violation prejudices the petitioner's protected interests [or] when the agency egregiously violates a petitioner's Fourth Amendment rights." *B.R. v. Garland*, 26 F.4th 827, 841 (9th Cir. 2022). Neither situation applies here. Duran-Serrano was arrested during a traffic stop soon after he exited an address being surveilled by immigration officers in search of a previously removed alien who he resembles. When stopped, Duran-Serrano identified himself with a Mexican Consular Identification Card and admitted to lacking appropriate immigration documents. Duran-Serrano's arrest was supported by "individualized reasonable suspicion" and was not the result of mere racial profiling. *Perez Cruz v.*

*Barr*, 926 F.3d 1128, 1143 (9th Cir. 2019). There was no Fourth Amendment violation, let alone an egregious violation meriting suppression. *See Martinez-Medina v. Holder*, 673 F.3d 1029, 1034 (9th Cir. 2011). The IJ and BIA properly denied Duran-Serrano's suppression claim.

5. <u>Voluntary departure.</u>  Duran-Serrano waived his request for voluntary departure. The BIA "may apply a procedural default rule" to arguments waived or forfeited. *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019). "It is a well-known axiom of administrative law that if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (internal quotation marks omitted); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Duran-Serrano waived any request for voluntary departure when he acknowledged through counsel that he would be ineligible if he contested the removal charge and the IJ sustained the charge, both of which occurred. Further, Duran-Serrano failed to raise his request for voluntary departure at his removal hearings.

6. <u>Jurisdiction.</u>  Duran-Serrano argues that the IJ lacked jurisdiction because the initial notice to appear did not state a time or place of a hearing. But a defective initial notice does not defeat jurisdiction or justify reopening so long as the noncitizen was later given a written notice "that includes the new time or place of the proceedings and the consequences of failing . . . to attend such proceedings."

*Campos-Chaves v. Garland*, 602 U.S. 447, 461 (2024) (internal quotation marks omitted). Duran-Serrano received such notices and attended his hearings with counsel.

**PETITION DENIED.**